GARY M. RESTAINO
United States Attorney
District of Arizona

ADDISON OWEN
Arizona State Bar No. 031263
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Addison.owen@usdoj.gov
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR 23-01465-01-PHX-MTL |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING MEMORANDUM AND RESPONSE TO PRESENTENCE REPORT |
| vs. | |
| Gabriela Zepeda, | Sentencing Hearing: 9/9/2024 |
| Defendant. | |

GABRIELA ZEPEDA ("Defendant") is before the Court for sentencing following her guilty plea to Count six of the Indictment, Making a Material False Statement During the Purchase of a Firearm, Aid and Abet, a violation of 18 United States Code (U.S.C.), § 922(a)(6), 924(a)(2), and 2, a class C felony offense. The United States having reviewed its files and records in this case, the stipulations in the plea agreement (Doc. 96.), and the Final Presentence Investigation Report (Doc. 119.) urge this Court to sentence the Defendant to 18 months in the Bureau of Prisons, followed by three years of supervised release, as it sufficient and not greater than necessary to meet the goals of sentencing.

<u>PRESENTENCE REPORT</u>

The government, having reviewed the Final Pretrial Investigation Report (PSR)(Doc. 119.) prepared by Senior U.S. Probation Officer Rebecca Briggs, concurs with the recommendation, guideline calculation, and recitation of the offense conduct.

SENTENCING RECOMMENDATION

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The nature and circumstances of these offenses—Material False Statement During the Purchase of a Firearm—are serious. 18 U.S.C. § 3553(a)(1). The purpose of this statue is to prevent firearms from ending up in the hands of those who seek to use or possess them illegally. The firearms purchased by the Defendant, at the direction of Noe Rodriguez Macias, were destined for Mexico. Unlike many straw purchasers, Defendant not only had a role in obtaining the firearms but was also responsible for the transport and trafficking to Mexico. The trafficking of United States purchased firearms to Mexico is currently an epidemic that is fueling cartel and organized crime violence. Although most of the firearms were interdicted prior to being transported, this organization attempted to traffic at least thirty-eight firearms to Mexico.

The history and characteristics of this Defendant counsel in favor of a lower than guideline custodial sentence. U.S.C. § 3553(a)(1). The Defendant's criminal history is nonexistent, and it also appears that she has family support. Despite these advantages, she still engaged in this dangerous criminal activity. However, these factors support a less than

- 2 -

guidelines custodial sentence.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by the Defendant. 18 U.S.C. § 3553(a)(2)(B).  Almost every defendant in this case participated to obtain financial compensation. Defendant's sentence should force a rejection of that mentality. An eighteen-month term of incarceration will deter the Defendant, and others, from lying and buying.

The Defendant may need additional assistance working to obtain vocational training to ensure she is able to provide for her family in legal ways. 18 U.S.C. § 3553(a)(2)(D). Defendant did not present any controlled substance or mental health issues that need to be treated now. However, given this crime was financially motivated, she may benefit from some structure and support getting some additional vocational training.

In close, the seriousness of these offenses, Defendant's criminal conduct, and the need to deter the Defendant from committing these offenses in the future, support a custodial sentence. For this reason, the United States recommends the Court sentenced the Defendant to eighteen months in the Bureau of Prison followed by three years of concurrent supervised release.

Respectfully submitted this 4th day of September, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Addison Owen*

ADDISON OWEN
Assistant U.S. Attorney

- 3 -

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 4th day of September, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Diego Rodriguez
*Attorney for Defendant*

*s/Addison Owen*
U.S. Attorney's Office

- 4 -